UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL HYATT** | ) CIVIL ACTION NO.: |
| | ) |
| **VERSUS** | ) JUDGE |
| | ) |
| **ABR LOGISTICS, LLC, THOMAS JOHNSON, AND QBE UK LIMITED** | ) MAGISTRATE |
| | ) |

**COMPLAINT FOR DAMAGES**

The complaint of Michael Hyatt, a person of the full age of majority and resident of Escambia County in Atmore, State of Alabama (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) ABR LOGISTICS, LLC (hereinafter sometimes referred to as "ABR"), upon information and belief, a domestic company doing business in the State of Louisiana with its principal place of business located at 147 Keating Drive, Belle Chasse, Louisiana 70037;

(B) THOMAS JOHNSON, (hereinafter sometimes referred to as "Johnson"), upon information and belief, captain (master) of the M/V MISS WYNTER at the time of the incident made subject of this complaint and an employee of defendant ABR; and

(C) QBE UK LIMITED known by its trade name "BRITISH MARINE" (hereinafter sometimes referred to as "British Marine"), upon information and belief, a foreign protection and indemnity association doing business in the State of Louisiana and the insurer of defendants ABR and Johnson and the M/V MISS WYNTER.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333, and is being brought pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers' Compensation Act, 46 USC §30103, Louisiana law and also pursuant to the general maritime law for negligence, as the incident described herein occurred within the waters of this district. Plaintiff designates this matter as an Admiralty claim under the Federal Rules of Civil Procedure and hereby elects to proceed as a judge trial.

3.

The defendants, ABR, Johnson and British Marine have sufficient "minimum contacts" with the State of Louisiana under law and are justly and truly indebted unto your Plaintiff, Michael Hyatt, for the following reasons, to-wit:

4.

At all material times, Plaintiff, Michael Hyatt, was employed by Alabama Shipyard, LLC as a rigging foreman and crane operator.

5.

Plaintiff was assigned to operate the crane on the jack-up rig HERCULES 202 approximately 7 miles off of the coast of Port Fouchon, LA.

6.

On October 20, 2021, Michael Hyatt was taken from Port Fouchon to the rig HERCULES 202 aboard the M/V MISS WYNTER, whose captain was defendant Johnson. As soon as Hyatt got off the M/V MISS WYNTER onto the rig's ladder situated at the bottom of the Hercules 202 rig, the M/V MISS WYNTER crashed into the ladder Hyatt was on, crushing his right hand between the ladder and ladder guard which resulted in the severing of several arteries and tendons and partial amputation of his fingers.

7.

At all material times, the M/V MISS WYNTER was an offshore supply vessel that was owned and/or operated by defendant ABR at all material times herein and captained by defendant Thomas Johnson at the time of the incident.  ABR, as Johnson's employer, is responsible for his acts and omissions under the legal doctrine of *respondeat superior* and is vicarious liable for his negligence.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform and using reasonable care in performing his duties.

9.

The accident was caused by no fault of the Plaintiff, who conducted himself in a reasonable and prudent manner at all times, and was caused solely by the negligence of the defendants as more fully set forth herein.

10.

At all times material hereto, Defendants had a duty to act with reasonable care for the safety and well-being of the Plaintiff.

11.

Defendants committed acts and/or omissions that beached their duty to Plaintiff including, but not limited to:

a. Negligent hiring of Johnson who was unqualified to properly and safely make decisions on whether to navigate in rough seas and properly execute and maneuver the vessel undertaken on the date of Plaintiff's injuries;

b.	Negligent training of Johnson such that he were unable to properly and safely make decisions on whether to navigate in rough seas and properly execute and maneuver the vessel undertaken on the date of Plaintiff's injuries;

c.	Negligent supervision of Johnson resulting in an improper and unsafe decision to navigate in rough seas and improperly execute and maneuver the vessel undertaken on the date of Plaintiff's injuries;

d.	Failure to warn Plaintiff and others of impending nautical maneuvers to allow them to adequately prepare;

e.	Failure to control the vessel such that it did not become dangerous to Plaintiff during maneuvers.

12.

Defendants' acts and/or omissions caused and/or contributed to Plaintiff's injuries and damages as set forth in detail below.

13.

As a result of the above described incident, Plaintiff, Michael Hyatt, suffered severe and painful personal injuries, more particularly injuries to his right hand which involved 24 procedures including miscrosurgical repairs of arteries and tendons, skin grafts, amputations, debridements, skin flaps, and an ostectomy. Mr. Hyatt continues to have numbness, pain and limitations in movement, strength, control and grip and has permament disfigurement and disability of his right hand and fingers.  In addition he has PTSD, anxiety, depression and other mental and emotional injuries from the incident.

14.

The decision to go out in rough seas and maneuver the vessel such that it crashed into the ladder while Plaintiff was on it is due to the negligence of the captain, Thomas Johnson, and ABR, both of who, in the exercise of reasonable care, knew or should of known of the danger of

choosing to go out in rough seas and maneuvering the vessel in a negligent and reckless manner. As master of the vessel, the M/V MISS WYNTER at the time of the Plaintiff's incident, Johnson's negligence caused Plaintiff's injuries and damages pursuant to 46 USC §30103.

15.

At all times material hereto, the M/V MISS WYNTER was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, ABR and Thomas Johnson, who upon information and belief, operated and/or controlled the vessel at all pertinent times. Plaintiff was injured by the negligence of the M/V MISS WYNTER, ABR and Johnson, which negligence caused Plaintiff's injuries and damages set forth herein pursuant to the general maritime law.

16.

These injuries occurred as a result of the negligence of defendants, ABR, Johnson and British Marine. These acts of negligence also render the defendants liable to the plaintiff pursuant to 33 U.S.C. §905(b) of the Longshore & Harbor Workers' Compensation Act, 46 USC §30103, Louisiana law and also pursuant to the general maritime law for negligence.

17.

British Marine, upon information and belief, provided Protection and Indemnity insurance coverage and/or other policies of insurance coverage to ABR, Johnson and the M/V MISS WYNTER at all times material, including the date of incident. As the insurer of the defendants, Johnson and ABR, British Marine is jointly, severally and solidarily liable and responsible for the damages and negligence of ABR and Johnson as set forth herein. This action against British Marine is brought pursuant to the Louisiana Direct Action Statute, La RS 22:1269, as the cause of action took place while the vessel was in Louisiana navigable waters.

18.

Plaintiff's incident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by the Minerals Management Service, OSHA and the United States Coast Guard.

19.

At all times material, the defendants had actual knowledge that the rough seas posed an unreasonable risk of harm to the Plaintiff, failed to exercise reasonable care and failed to maintain the vessel and its equipment in such condition that the vessel, which was under their control at all times, crashed into the ladder Plaintiff was holding on to, failed to warn the Plaintiff and others of the dangers that were known or should have been known to the defendants had they exercised reasonable care, and inactions that will be shown upon the trial of this matter.

20.

At all times material, the defendants breached their duties to the Plaintiff, including but not limited to, their active control duty, proximately causing the injuries sustained by the Plaintiff and subsequent damages.

21.

In the further alternative, Plaintiff, Michael Hyatt, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of *Res Ipsa Loquitur* and *negligence per se* against all of the defendants named herein.

22.

As a result of the above-described negligence of the vessel, M/V MISS WYNTER, and of the defendants, ABR, Johnson and British Marine, Plaintiff sustained the following damages:

      a. Past, present and future physical pain and suffering;

      b. Past, present and future mental pain, suffering and anguish;

      c. Past, present and future medical expenses;

      d. Past lost wages;

      e. Past lost found;

      f. Loss of future earning capacity;

      g. Loss of future found;

      h. Loss of fringe benefits;

      i. Disfigurement and disability;

      j. Loss of enjoyment of life;

      k. Punitive damages; and,

      l. Other damages which shall be proven at trial.

23.

Plaintiff's known and claimed "special" damages alone are well in excess of $75,000. Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

24.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, Plaintiff, Michael Hyatt, prays that the defendants, ABR LOGISTICS, LLC, THOMAS JOHNSON, and QBE UK LIMITED/BRITISH MARINE be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment

7

rendered herein in favor of Plaintiff and against defendants, ABR LOGISTICS, LLC, THOMAS JOHNSON, and QBE UK LIMITED/BRITISH MARINE, in an amount sufficient to adequately compensate your Plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

Respectfully submitted:

**MARTZELL BICKFORD & CENTOLA, APC**

/s/*Neil F. Nazareth*
**SCOTT R. BICKFORD, T.A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**NEIL F. NAZARETH (#28969)**
**SPENCER R. DOODY (#27795)**
**JEREMY J. LANDRY (#30588)**
**JASON Z. LANDRY (#33932)**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:   (504) 581-9065
Facsimile:   (504) 581-7635
nfn@mbfirm.com
srb@mbfirm.com
ljc@mbfirm.com
srd@mbfirm.com
jjl@mbfirm.com
jzl@mbfirm.com

**COUNSEL FOR PLAINTIFF,**
**MICHAEL HYATT**