UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL HYATT | * | CIVIL ACTION NO. 2:22-cv-04004 |
| | * | |
| Versus | * | JUDGE ELDON E. FALLON |
| | * | |
| ABR LOGISTICS, LLC, | * | MAGISTRATE JUDGE |
| THOMAS JOHNSON, AND | * | KAREN W. ROBY |
| QBE UK LIMITED | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### THIRD-PARTY DEMAND AGAINST ALABAMA SHIPYARD, LLC

**NOW COME** DEFENDANTS, ABR LOGISTICS, LLC, THOMAS JOHNSON, and QBE UK LIMITED trading as "BRITISH MARINE" (hereinafter referred to as "Third-Party Plaintiffs") who assert this *Third-Party Demand Against Alabama Shipyard, LLC*, and respectfully aver as follows:

I.

Made Third-Party Plaintiffs herein are ABR LOGISTICS, LLC a domestic limited liability company, authorized to do and doing business within the jurisdiction of this honorable court; THOMAS JOHNSON, resident of Tangipahoa Parish; and QBE UK LIMITED trading as "BRITISH MARINE," a foreign insurer authorized to do business within the district of this honorable court.

II.

Made Third-Party Defendant herein is ALABAMA SHIPYARD, LLC, an Alabama limited liability company authorized to do business within the State of Louisiana and doing business within the jurisdiction of this Honorable Court at the time of the subject incident.

III.

This court has jurisdiction to hear this *Third-Party Demand Against Alabama Shipyard* pursuant to 28 USC §1333 as the incident in question occurred off the coast of southeast Louisiana near Port Fourchon in South Timbalier Block 32.

IV.

Venue is appropriate as the location where the incident giving rise to Alabama Shipyard, LLC's liability occurred within the Eastern District of Louisiana.

V.

On or about October 5, 2021, Alabama Shipyard, LLC entered into a Master Time Charter Agreement with ABR Logistics, LLC by which ABR Logistics, LLC agreed to provide vessel services to Alabama Shipyard, LLC as part of its general work.

VI.

On or about October 20, 2021, ABR Logistics, LLC, operating pursuant to the Master Time Charter Agreement, was transporting Alabama Shipyard personnel aboard the M/V MISS WYNTER to the Hercules 202, a semi-submersible rig owned by Alabama Shipyard, LLC located in South Timbalier Block 32.

VII.

Michael Hyatt, the plaintiff in this matter, was aboard the M/V MISS WYNTER and headed to the Hercules 202 as part of his employment with Alabama Shipyard, LLC.

VIII.

As the M/V MISS WYNTER approached the Hercules 202, Captain Thomas Johnson backed the vessel into an area of the Hercules 202 which held the only remaining ladder available to provide ingress to the Hercules 202.

IX.

As the semi-submersible rig Hercules 202 was stacked with other rigs and stored in South Timbalier Block 32 where Alabama Shipyard, LLC was conducting its work, Mr. Hyatt, as crane operator, was required to use the one remaining ladder as the sole means of ingress to board the Hercules 202, since the other ladders had been removed, where he would then bring other members onto the work crew by means of the rig's crane. Mr. Hyatt was the only Alabama Shipyard, LLC employee required to use this ladder to board the Hercules 202.

X.

The ingress ladder used by Mr. Hyatt was cut off just above the water line by Alabama Shipyard, LLC.

XI.

As Mr. Hyatt boarded the Hercules 202 via the lone remaining ladder on the vessel, a swell caught the stern of the M/V MISS WYNTER, causing a part of the M/V MISS WYNTER to contact the ladder, which caused the side of the ladder to collapse and cause Mr. Hyatt's injuries to Mr. Hyatt's right hand.

XII.

But for the negligence of Alabama Shipyard, LLC in its improper maintenance of the Hercules 202, Mr. Hyatt would not have sustained any injuries.

XIII.

Mr. Hyatt's injuries were caused by the following additional faults of Alabama Shipyard, LLC:

    a)     Failure to provide a safe means of ingress to employees such as Mr. Hyatt;

b) Failure to maintain the ladder in a safe condition upon which Mr. Hyatt's incident occurred;

c) Failure to provide an alternate means for Mr. Hyatt to safely board the Hercules 202;

d) Failure to intervene into the work aboard the Hercules 202 to prevent foreseeable incidents;

e) Failure to avoid exposing Mr. Hyatt to potential hazards aboard the Hercules 202 within Alabama Shipyard, LLC's control;

f) Failure to warn Mr. Hyatt of the dangers of boarding the Hercules 202 by means of a cut-off ladder;

g) Failure to modify the ingress ladder aboard the Hercules 202 to alleviate the risk of telescoping or other pinch hazards;

h) Failing to safely design or construct the ingress ladder aboard the Hercules 202;

i) Failure to exercise reasonable care under the circumstances for the safety of Mr. Hyatt;

j) All other acts of negligence, which will be proven at trial.

XIV.

Under the general maritime law, Alabama Shipyard, LLC, as owner of the Hercules 202, is liable in tort to Mr. Hyatt.

XV.

Under the general maritime law, ABR Logistics, Thomas Johnson, and QBE UK Limited are entitled to contribution from Alabama Shipyard for any portion of any judgement paid to Mr. Hyatt in excess of Third-Party Plaintiffs' proportionate of share of fault.

XVI.

Third-Party Plaintiffs are also entitled to all costs associated with bringing this third-party action against Alabama Shipyard, LLC.

XVII.

Third-Party Defendants are also liable to Third-Party Plaintiffs for their breach of the Master Time Charter Agreement.

XVIII.

For his alleged injuries that occurred while Third-Party Plaintiffs were operating under the Master Time Charter Agreement for Third-Party Defendants, Mr. Hyatt has asserted a claim and brought this litigation against Third-Party Plaintiffs.

XIX.

The Master Time Chart Agreement obligates Alabama Shipyard, LLC, as "Client", to defend, indemnify and hold Third-Party Plaintiffs harmless as for the claims asserted by Alabama Shipyard, LLC's employees, such as Mr. Hyatt, as expressly recited in Article 15 of the Master Time Charter Agreement:

**ARTICLE 15 – Client's Indemnities**

CLIENT HEREBY RELEASES, RELINQUISHES, AND DISCHARGES, AND SHALL DEFEND, INDEMNITY AND HOLD HARMLESS (i) COMPANY, ITS PARENTS, SUBSIDIATY AND AFFILIATED OR RELATED COMPANIES, (ii) ITS AND THEIR CONTRACTORS AND SUBCONTRACTORS OF EVERY TIER, AND (iii) THE OFFICERS, DIRECTORS, AGENTS, CONSULTANTS, INVITEES, INSURERS AND EMPLOYEES OF ALL OF THE FOREGOING ("COMPANY GROUP") AND SUBCHARTER GROUP FROM AND AGAINST ANY CLAIM INVOLVING (i) DAMAGE TO OR LOSS OF ANY EQUIPMENT OR PROPERTY OF CLIENT GROUP, (ii) INJURY, ILLNESS, DISEASE OR DEATH OF ANY MEMBER OF CLIENT GROUP, AND NO MEMBER OR COMPANY GROUP SHALL HAVE ANY RESPONSIBILITY OR LIABILITY FOR ANY SUCH CLAIM, WHETHER GROUNDLESS OR NOT, AND WHETHER CAUSED IN WHOLE OR IN PART BY THE UNSEAWORTHINESS OF ANY VESSEL, OR THE SOLE, JOINT, CONCURRENT, ACTIVE OR PASSIVE OR GROSS NEGLIGENCE OR

FAULT OR STRICT LIABILITY, OF ANY MEMBER OF THE COMPANY GROUP OR SUBBCHARTER GROUP, OR BY THE EQUIPMENT OF PROPERTY OF ANY MEMBER OF THE COMPANY GROUP OR SUBCHARTER GROUP.

XX.

Alabama Shipyard, LLC is also required to provide additional insurance coverage to Third-Party Plaintiffs, naming each as an additional insured, and requesting that any claim for subrogation against them be waived, as expressed by Article 12 of the Master Time Charter Agreement.

XXI.

On November 16, 2022, Third-Party Plaintiffs tendered their defense to Alabama Shipyard, LLC and requested additional insurance coverage from Alabama Shipyard, LLC's insurer.

XXII.

Alabama Shipyard's insurer declined to provide insurance coverage to Third-Party Plaintiffs, citing, among other reasons, that the watercraft exclusion of its general liability policy was not deleted, nor was it requested to be deleted.

XXIII.

Through its failure to request that the watercraft exclusion be deleted, Alabama Shipyard, LLC has failed to adhere to its obligations to defend, indemnify or hold Third-Party Plaintiffs harmless and to provide them with the appropriate insurance coverage.

XXIV.

This action on the part of Alabama Shipyard, LLC has caused Third-Party Plaintiffs to incur legal fees, defense costs, and expend other resources which, by the terms of the Master Time Charter Agreement, they should not have to pay.

XXV.

Alternatively, Third-Party Plaintiffs assert that they were misled into entering the Master Time Charter Agreement under an understanding that Alabama Shipyard, LLC would provide defense, indemnity, and additional insurance coverage.

XXVI.

Alabama Shipyard, LLC maintains that it does not owe defense, indemnity or additional insurance coverage for the risks associated with operating the vessel because it is excluded under the Master Time Charter Agreement. Such an exclusion is ambiguous and unenforceable, if it in fact exists in the Master Time Charter Agreement.

XXVII.

Further, if such an exclusion exists, it would nullify all such obligations laboriously written into the Master Time Charter Agreement and would exonerate Alabama Shipyard, LLC from all responsibility purportedly assumed by the Master Time Charter Agreement other than to pay charter hire, which was not the intent of the Third-Party Plaintiffs when entering the Master Time Charter Agreement with Alabama Shipyard, LLC.

XXVIII.

Through these facts, Alabama Shipyard's continued denial of defense, indemnity, and additional insurance coverage to Alabama Shipyard is improper.

XXIX.

Based on its breach of contract, Alabama Shipyard owes to third-party plaintiffs, not only attorney's fees, defense costs, and other expenses associated with the defense of Mr. Hyatt's claims, but all losses, damages and expenses incurred in bringing this action against Alabama Shipyard.

WHEREFORE, ABR LOGISTICS, LLC, THOMAS JOHNSON, and QBE UK LIMITED trading as "BRITISH MARINE" pray that this *Third-Party Complaint and Complaint for Breach of Contract* be deemed good and sufficient, and after due proceedings are had, that judgment be rendered in their favor and against ALABAMA SHIPYARD, LLC, and that this court award all costs associated with these pleadings, inclusive of attorney's fees and judicial interest, and any other relief it considers appropriate under the circumstances.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:<br><br>[ ] U.S. Mail<br>[ ] Facsimile<br>[X] Electronic Filing<br><br>this 21st day of March, 2023.<br><br>*/s/ Corey P. Parenton* | **STAINES, EPPLING & KENNEY**<br><br>*/s/ Corey P. Parenton*<br>**ANTHONY J. STAINES** (#12388)<br>**JASON R. KENNEY** (#29933)<br>**COREY P. PARENTON** (#32918)<br>3500 North Causeway Boulevard<br>Suite 820<br>Metairie, Louisiana 70002<br>Telephone: (504) 838-0019<br>Facsimile: (504) 838-0043<br>Emails:  tony@seklaw.com<br>       jason@seklaw.com<br>       corey@seklaw.com<br>       tyler@seklaw.com<br><br>*Counsel for ABR Logistics, LLC; Thomas Johnson; and QBE UK Limited trading as "British Marine"* |