## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HYATT | ) CIVIL ACTION NO.: 2:22-cv-04004 |
| | ) |
| VERSUS | ) JUDGE ELDON E. FALLON |
| | ) |
| ABR LOGISTICS, LLC., THOMAS JOHNSON, AND QBE UK LIMITED | ) MAGISTRATE KAREN W. ROBY ) |

### ALABAMA SHIPYARD, LLC'S ANSWER TO THIRD PARTY DEMAND OF ABR LOGISTICS, ET AL., AND COUNTER CLAIM

**NOW COMES,** Alabama Shipyard, LLC ("ASY") in Answer to the Third Party Demand of ABR Logistics, LLC., Thomas Johnson, and QBE UK Limited Trading as British Marine (collectively, "ABR") and in Cross Claim as follows:

### ANSWER TO DEMAND

### I.

The allegations in Paragraphs I, II, III, V, and XXI are admitted with the qualification that the terms and conditions of the Master Time Charter, as presented by ABR speaks for itself. Alabama Shipyard is not licensed to do business in Louisiana.

### II.

The allegations in Paragraphs IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, and XVIII are denied for insufficient knowledge to justify a belief therein. Hyatt has alleged that, when the M/V MISS WYNTER struck the stationary HERCULES 202, he was not a passenger and had disembarked.

### III.

The allegations in Paragraphs XIV, XV, XVI, XIX, and XXVIII are denied within the meaning of 33 U.S.C. 905. Hyatt was an employee of ASY. ASY is a ship breaker and ship repair

company, which is statutorily immune from tort liability and contractual indemnity. Thus, ABR enjoys no cause of action against ASY.

**IV.**

The allegations in Paragraphs XVII, XIX, XX, XXII, XXIII, XXIV, XXV, XXVII, and XXIX are denied as written. As a matter of law, under 33 U.S.C. 905, ASY does not owe contractual indemnity. Further, under the insurance language of the Master Time Charter Agreement ("MTCA"), ASY was not obligated to provide insurance under Article 13. "It is understood and agreed that Client's (ASY) liability insurance <u>shall exclude from coverage</u> for those risks assumed <u>or insured</u> by Company…" Under Article 11 of the MTCA, Company (ABR) agreed to obtain insurance covering its liability for third-party claims and to name Client (ASY) as an additional insured in Exhibit B to the MTCA.

**V.**

The allegations in Paragraph XXVI and any other paragraph not mentioned heretofore are denied. The terms of the MTCA and 33 U.S.C. 905 support the answers and defenses herein.

**DEFENSES**

**FIRST DEFENSE:**

ABR has no claim or cause of action against ASY upon which relief can be granted. ASY was the LHWCA employer of Hyatt. Ship repairers/ship breakers like ASY are legally immune from any tort liability or contractual indemnity obligations.

**SECOND DEFENSE:**

The HERCULES 202 was a rig out of commission, scheduled for demolition, stacked in a stationary position and incapable of maritime commerce. It was not a vessel for any legal liability purposes.

**THIRD DEFENSE:**

Any claims against ASY are estopped, there may not be jurisdiction over ASY who is not registered to do business in Louisiana, any other defenses under F.R.C.P. 12 that may be applicable.

ASY did not cause or contribute to the allision complained of nor did ASY pilot the M/V MISS WYNTER. Alternatively, ASY pleads the comparative fault of Hyatt and ABR as proximate causes of the casualty and consequences. In particular, Hyatt lacked situational awareness, assumed the risk, and misplaced his hands on the ladder while climbing. The injury was avoidable.

**FOURTH DEFENSE:**

ASY pleads intervening and superseding causes.

**FIFTH DEFENSE:**

ASY pleads 33 U.S.C. 905 as a defense against legal liabilities.

**SIXTH DEFENSE:**

ABR assumed the risk and obligation of obtaining insurance under the MTCA, whose insurance terms were clear and explicit.

**SEVENTH DEFENSE:**

ASY did not breach any duty owed to Hyatt or ABR.

**EIGHTH DEFENSE:**

Alternatively, the casualty complained of was after Hyatt departed the M/V MISS WYNTER and did not arise out of the Master Time Charter.

**NINTH DEFENSE:**

To the extent Louisiana law applies to the vessel allision with a fixed platform, comparative fault, prescription, and lack of proximate cause are pled as defenses.

**TENTH DEFENSE:**

ASY adopts any defense pled by ABR to the complaint of Hyatt as applicable to the defense tender.

## ALABAMA SHIPYARD'S COUNTER CLAIM

"ASY" counterclaims "ABR" as the Third Party Plaintiffs as follows:

### I.

ABR Logistics, LLC ("Company") reviewed and executed a Master Time Charter Agreement ("MTCA") dated October 5, 2021 that was previously presented by Gulf Marine Contractors for the charter of the M/V MISS WYNTER. That MTCA obligated Company/ABR to obtain insurance from QBE UK Limited to insure ABR and ASY as required by Exhibit B of the MTCA. ABR did not object to nor question the insurance language which was distinct from the indemnity obligations.

### II.

Specifically, Article 11, Company Insurance, under the MTCA obligated the Company ("ABR") to procure and maintain certain insurance coverages as set forth in Exhibit B attached thereto. Company "understood and agreed that Client's (ASY) liability insurance shall exclude from coverage for those risks assumed or insured by Company."

### III.

Exhibit B of the MTCA obligated Company to obtain various insurance including Comprehensive General Liability Insurance, Protection and Indemnity, Hull and Machinery, Umbrella Liability, inter alia. All policies were to be deemed "primary and non-contributory insurances."

All policies were to name ASY as "additional insureds" and to waive subrogation. ASY was not obligated to obtain insurance naming ABR where ABR obtained insurance under Exhibit B.

### IV.

On or about December 5, 2022, after the Hyatt lawsuit was filed, Company/ABR confirmed its obligation to name/waive Client/ASY with respect to the QBE P&I policy to include charterers, ASY. ASY was thus insured by ABR and its underwriters whose policies were primary.

### V.

ASY as a shipbreaker and LHWCA employer under 33 U.S.C. 905, ASY is immune from tort liability and contractual indemnity. ASY did not operate any vessel in navigation. To the extent that any tort claim is asserted against ASY, ASY has tendered its defense and indemnity to ABR and its underwriters pursuant to Article 11 and Exhibit B of the MTCA. To date Third Party Plaintiff has denied the ASY tender.

### VI.

If Company, ABR, did not name and waive ASY as required under the MTCA, Exhibit B, then they have breached their contractual obligations and are indebted to ASY as the default insurer.

### VII.

ASY has made amicable demand for insurance coverage and/or for ABR to dismiss its Third Party Demand.

### VIII.

Alternatively, ASY pleads contribution from Third Party Plaintiffs.

#101378844v1

**IX.**

ASY seeks to recover all of its costs and legal expenses. ASY also seeks insurance coverage as an additional assured for any third party liability owed to Hyatt and for all other damages and relief as allowed by law.

**WHEREFORE,** Alabama Shipyard, L.L.C., prays that its Answer be deemed good and sufficient, and that after due course and proceedings, that ASY be dismissed with prejudice and without cost and for all other equitable relief. Further, Alabama Shipyard, LLC prays that its Counter Claim be accepted by Third Party Plaintiffs, be answered, and after due course and proceedings, granted providing all relief and damages as allowed by law in favor of ASY.

Respectfully submitted,

*/s/ Grady S. Hurley*
GRADY S. HURLEY (#13913),
AUSTIN S. GLASCOE (#38236)
**JONES WALKER LLP**
201 St. Charles Avenue, Suite 4800
New Orleans, LA  70170
Telephone:  (504) 582-8224
Fax:  (504) 589-8224
Email:  ghurley@joneswalker.com
aglascoe@joneswalker.com

***Attorney for Defendants, Alabama Shipyard LLC.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 19, 2023, a copy of the foregoing has been forwarded to all parties and counsel of record via the Court's E-filing system, U.S. Mail, email, and/or facsimile.

*/s/ Grady S. Hurley*
GRADY S. HURLEY

6

#101378844v1