UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL HYATT | * | CIVIL ACTION NO. 2:22-cv-04004 |
| | * | |
| Versus | * | JUDGE ELDON E. FALLON |
| | * | |
| ABR LOGISTICS, LLC, | * | MAGISTRATE JUDGE |
| THOMAS JOHNSON, AND | * | KAREN W. ROBY |
| QBE UK LIMITED | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ABR LOGISTICS, LLC ANSWER TO COUNTER CLAIM
## OF ALABAMA SHIPYARD, LLC

**NOW COME** DEFENDANTS, ABR LOGISTICS, LLC, (hereinafter referred to as "ABR Logistics") who Answer the Counter Claim of Alabama Shipyard, LLC and respectfully aver as follows:

### FIRST DEFENSE

Alabama Shipyard, LLC's *Counter Claim* fails to state a claim and/or cause of action and/or right of action against the Defendants upon which relief may be granted.

### SECOND DEFENSE

**AND NOW**, answering the specific allegations contained in Alabama Shipyard, LLC's *Counter Claim*, ABR Logistics aver as follows:

1.

ABR Logistics admits that it executed a Master Time Charter Agreement with Alabama Shipyard dated October 5, 2021. All of their allegations are denied.

2.

The Master Time Charter Agreement is a document which is the best evidence of its terms, conditions, provisions, obligations, and other contents. As such, the allegations of Article II. of the Counter Claim are denied.

3.

The Master Time Charter Agreement is a document which is the best evidence of its terms, conditions, provisions, obligations, and other contents. As such, the allegations of Article III. of the Counter Claim are denied.

4.

The allegations of Article IV. are denied.

5.

The allegations of Article V. are denied.

6.

The allegations of Article VI. are denied.

7.

The allegations of Article VII. are denied.

8.

The allegations of Article VIII. are denied.

9.

The allegations of article IX. are denied.

**THIRD DEFENSE**

ABR specifically pleads the Master Time Charter Agreement is the best evidence of its terms, conditions, provisions, obligations, and other contents.

**FOURTH DEFENSE**

If the Master Time Charter Agreement is enforceable, as alleged by Alabama Shipyard, such enforcement would violate public policy.

**FIFTH DEFENSE**

Alabama Shipyard suggests an obligation that would be impossible, commercially impractical, or would severely frustrate the intended purpose of the contract.

**SIXTH DEFENSE**

The obligations of the Master Time Charter Agreement were misrepresented at the time of negotiation, leading ABR to enter the contract under the pretense of mistake or error.

**SEVENTH DEFENSE**

If the contract is to be enforced as suggested by Alabama Shipyard, it lacks consideration and cannot be legally binding on ABR.

**WHEREFORE,** DEFENDANTS, ABR LOGISTICS, LLC, reserves the right to amend this Answer and prays that this Answer be deemed sufficient and after due proceedings, there be judgment rendered herein in its favor and against Alabama Shipyard, LLC, and awarding all costs or other expenses allowed under the applicable law, premises considered.

*{Signature Block on Next Page}*

- 4 -

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

  [  ] U.S. Mail
  [  ] Facsimile
  [X] Electronic Filing

this 19th day of September, 2023.

*/s/ Corey P. Parenton*

Respectfully submitted,

**STAINES, EPPLING & KENNEY**

*/s/ Corey P. Parenton*
**ANTHONY J. STAINES** (#12388)
**JASON R. KENNEY** (#29933)
**COREY P. PARENTON** (#32918)
3500 North Causeway Boulevard
Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
Emails: tony@seklaw.com
    jason@seklaw.com
    corey@seklaw.com
*Counsel for ABR Logistics, LLC*