UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HYATT | ) CIVIL ACTION NO.: 2:22-cv-04004 |
| | ) |
| VERSUS | ) JUDGE ELDON E. FALLON |
| | ) |
| ABR LOGISTICS, LLC., THOMAS JOHNSON, AND QBE UK LIMITED | ) MAGISTRATE KAREN W. ROBY |
| | ) |

**ALABAMA SHIPYARD, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THIRD PARTY COMPLAINT**

**MAY IT PLEASE THE COURT:**

Third-Party Defendant Alabama Shipyard, LLC ("ASY") prays that this Honorable Court grant its Motion for Summary Judgment and Dismiss the Third-Party Demand of ABR Logistics, LLC., Thomas Johnson, and QBE UK Limited trading as "British Marine" (collectively, "the ABR Defendants"), with prejudice. There is no third-party cause of action against ASY as Michael Hyatt's employer under 33 USC § 905 (a), *et seq.*

### I.   FACTUAL BACKGROUND AND UNCONTESTED MATERIAL FACTS

It is undisputed that ASY operates a shipyard in Mobile, Alabama and is involved with the repair and scrapping of vessels.[1] ASY purchased the GAEA 6 (formerly the HERCULES 202)[2] from Offshore Equipment LLC, as scrap with its material drilling equipment removed.[3] While awaiting transport to ASY's shipyard to be dismantled, the GAEA 6 was "cold stacked" in South Timbalier Block 32.[4]

Plaintiff, Michael Hyatt ("hereinafter "Hyatt") was a rigger supervisor and crane operator employed by ASY at the shipyard.[5] On the day in question, Hyatt was tasked with going to the

---
[1] Attachment 1, Unsworn Declaration of Timothy A. DeLong.
[2] The jack-up rig was named the HERCULES 202 as described in Hyatt's Complaint for Damages. The name of the rig was the GAEA 6, when sold to ASY, but this name change is irrelevant for the purposes of this Motion.
[3] Attachment 1-A, Purchase Sale Agreement.
[4] *Id.*
[5] Complaint for Damages (Rec. Doc. 1, ¶ 4).

1

decommissioned jack-up rig, the GAEA 6, to operate a crane in order to move personnel and materials so that the GAEA 6 could be "dead towed" to ASY's shipyard for dismantling.[6] On October 5, 2021, ASY entered into a Master Time Charter Agreement ("MTCA") with ABR Logistics, LLC to, *inter alia*, transport ASY's workers and contractors offshore to the GAEA 6.[7]

On October 20, 2021, Hyatt was transported offshore to the GAEA 6 by the vessel M/V MISS WYNTER, owned and operated by ABR Logistics, LLC.[8] Allegedly, after Hyatt disembarked from the MISS WINTER onto the rig ladder, he intended to climb up a ladder situated on the side of the GAEA 6 to reach the top deck.[9] While Hyatt was preparing to climb the ladder, the M/V MISS WYNTER, allegedly rose up and allided with the rig ladder pushing it up and crushing Hyatt's right hand between the ladder and the ladder guard rail.[10]

## II.  THE CLAIMS

Hyatt sued ABR Logistics, LLC., as the vessel owner, Thomas Johnson as the captain of the MISS WYNTER, and QBE UK Limited trading as "British Marine" as ABR Logistics, LLC's insurer.[11] The ABR Defendants brought a Third-Party Demand against ASY, as the LHWCA employer, alleging tripartite claims of tort contribution,[12] contractual indemnity under the MTCA[13] and insurance coverage as an additional insured under the MTCA.[14] ASY answered and denied all three claims asserted in the Third-Party Demand because no cause of action existed as a matter of law or fact.

ASY answered and counter-claimed the ABR Defendants because ASY is immune from

---

[6] Attachment 1-A, Purchase and Sale Agreement
[7] *See generally*, Attachment 2, Master Time Charter Agreement ("MTCA").
[8] Complaint for Damages (Rec. Doc. 1, ¶ 7); Third-Party Demand against ASY (Rec. Doc. 10, ¶ V-VII).
[9] Complaint for Damages (Rec. Doc. 1, ¶ 6); Hyatt and ABR disagree as to the facts of the incident.
[10] Complaint for Damages (Rec. Doc. 1, ¶ 6); Third-Party Demand against ASY (Rec. Doc. 10, ¶ XI).
[11] Complaint for Damages (Rec. Doc. 1, ¶ 1); ASY paid Hyatt LHWCA benefits as a result of his injury.
[12] *Id*. at ¶ XIV, XV, XVI, XIX, and XXVIII.
[13] *Id*. at ¶ XVII, XIX, XX, XXII, XXIII, XXIV, XXV, XXVII, and XXIX.
[14] *Id*.

liability and was to be named as an additional insured by ABR under Exhibit B of the MTCA.

Hyatt was a shipyard/ship-breaker employee under the meaning of 33 U.S.C. § 902(3). ASY was Hyatt's longshore employer and is statutorily immune from both tort indemnity and contractual indemnity under 33 USC §905(b). Therefore, no tort cause of action was afforded under the Statute.

ASY was not required to provide insurance coverage in favor of ABR Logistics, LLC under the MTCA for this accident. Article 12 of the MTCA expressly provides that "It is understood and agreed that Client's (ASY) liability insurance <u>shall exclude from coverage</u> for those risks assumed <u>or insured</u> by Company (ABR Logistics, LLC)…."[15] ABR Logistics, LLC insured the risk of a personal injury claim under Article 11 of the MTCA, and ABR Logistics, LLC by obligating itself to obtain insurance covering its liability for third-party claims (like Hyatt).[16] Exhibit B to the MTCA further obligated ABR to obtain insurance for Hyatt's claim and to name ASY as an additional insured.[17] Therefore, under Article 12 of the MTCA, the ABR Defendants, by virtue of the procurement of their own insurance, cannot be covered by ASY as an additional insured.

### III. LAW AND ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56(c)). After the movant demonstrates the absence of a genuine dispute, the nonmovant must

---

[15] Attachment 2, Master Time Charter Agreement ("MTCA"), Article 12 (pp. 5-6).
[16] *Id.* at Article 11 and Attachment 2, Master Time Charter Agreement, Exhibit B (pp. 5, 12-13).
[17] *Id.* at Exhibit B of Attachment 2 (pp. 12-13).

articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. See *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). When the nonmovant bears the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See, Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *Little Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc).

### B. The LHWCA Limits ASY's Liability as a Shipbreaker

ASY operates a ship repair and a ship breaking and scrapping business at its facility located on the Mobile River in Alabama.[18] ASY is not involved in any offshore exploration and production. As part of its ship breaking business, ASY purchased the GAEA 6 from Offshore Equipment LLC "as scrap."[19] When ASY purchased the GAEA 6 for scrap, the rig was "cold stacked" and it had been decommissioned from drilling with its necessary drilling and exploration hardware removed.[20] At the time of Hyatt's accident, the GAEA 6 was not a self-propelled rig and was not capable of navigation or drilling.[21] The GAEA 6 was located offshore in South Timbalier Block 32 and was to be "dead towed" to ASY's scrap facility in Mobile, Alabama for scrap.[22] ASY and Hyatt are subject to the provisions of 33 U.S.C. §901, et seq.

The LHWCA establishes a comprehensive statutory compensation scheme for longshoremen and employers. In 1984, it was extended to those, like Hyatt, who repair and scrap vessels. *See*, e.j. *ADM/Growmark River Sys. v. Lowry* 234 F.3d 881, 886 (5th Cir. 2000). The

---

[18] Attachment 1.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

4

LHWCA is a workers' compensation law where the employers are held strictly liable for their employee's injuries, where compensation is administered and at times capped. An essential element of the balance between employer/employee interests under the LHWCA is that the employer's compensation obligation is "exclusive and in place of all other liability of such employer to the employee" and "anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of injury or death…." 33 USC § 905 (a). Section 905 (b) recognized a limited exception to employer liability which does not extend to shipyard scrapping employees:

> If such person was employed to provide shipbuilding, repairing, <u>or breaking services</u> and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, <u>no such action shall be permitted</u>, in whole or in part or directly or indirectly, <u>against the injured person's employer</u>….
> (emphasis added)
>
> 33 USC § 905 (b)

ASY is immune from tort contribution, has no 905(b) liability and contractual indemnity is void. *See also,* SCHOENBAUM ADMIRALTY AND MARITIME LAW, Vol. 1. Sec. 7-14.

Hyatt satisfies the status requirement as a shipbreaker which is an expressly enumerated job description under the LHWCA. *See,* 33 U.S.C. § 902(3). Hyatt was an employee of ASY which is a ship repair, a ship breaking and scrapping business.[23] The operations in which Hyatt was engaged in at the time of the accident were ship-breaking related. *See,* e.g. *Dygert v Manufacturer's Packaging Co.*, 10 BRBS 1036 (1979) (holding that a claimant was covered under the LHWCA as a ship-breaker because the claimant's job was to inspect ships, go through their storerooms to determine what was to be removed, and then remove material from ships that were about to be scrapped.); see also *Boston Metals Co. v. O'Hearne*, 329 F.2d 504, 1964 U.S. App. LEXIS 6107

---

[23] Attachment 1.

(4th Cir.), cert. denied, 379 U.S. 824, 85 S. Ct. 49, 13 L. Ed. 2d 34, 1964 U.S. LEXIS 508 (1964) (holding that a welder was covered under the LHWCA because he was killed while dismantling gun turret on decommissioned battle cruiser which had been deliberately run aground alongside a river pier to be scrapped). Because Hyatt meets the status requirement, he is covered under the LHWCA as a shipbreaker.

### C. ASY is Immune from Tort and Contractual Indemnity under 33 USC § 905 (a) and (b)

The claims asserted in the ABR Third-Party Demand are that ASY owes: (1) tort contribution,[24] (2) contractual indemnity,[25] and (3) additional insurance coverage.[26] These claims are prohibited by law.

ASY is statutorily immune from the ABR Defendants' claims of tort indemnity. Section 905 (a) of the LHWCA states that "[t]he liability of an employer [for benefits] <u>shall be exclusive</u> and in place of all other liability of such employer to the employee…." 33 U.S.C. § 905 (a). (Emphasis added). The longshore employer's immunity to indemnity is granted by Section 905 (b) of the LHWCA which prohibits all indemnification by the employer of a longshoreman. 33 U.S.C. § 905 (b). *Holden v. U.S. United Ocean Servs., L.L.C.*, 2014 U.S. App. LEXIS 15954 (5th Cir. 2014) (the court denied contractual indemnity under 33 USC § 905 (b) and recognized that the employers insurance was in question because the employer was not "legally obligated to pay."); *see also, St. Julien v. Diamond M Drilling*, 1975 AMC 2625 (E.D. La. 1975) (the court dismissed a third-party complaint for tort indemnity brought against a longshoreman's employer, holding that the claim was barred by U.S.C. § 905 (a)). In this case, Hyatt has brought suit against the

---

[24] Third-Party Demand against ASY (Rec. Doc. 10, ¶ XIV, XV, XVI, XIX, and XXVIII).
[25] *Id*. at ¶ XVII, XIX, XX, XXII, XXIII, XXIV, XXV, XXVII, and XXIX.
[26] *Id*.

6

vessel owner, ABR Logistics, LLC, who is therefore prohibited from seeking tort and contractual indemnity from ASY, the employer.

### i. *Tort Contribution is Prohibited*

ABR is not entitled to tort indemnity or contribution. Section 905 (b) abrogates a third party's a right of tort contribution or indemnity from the employer "even when the employer is at fault." *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282 (1952) (holding that a party could not circumvent the exclusive-remedy provision by obtaining contribution from the concurrent tortfeasor employer.); *see also, Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979) (holding that the LHWCA does not impose a proportionate fault rule making a longshoreman's employer liable, even if the employer is predominantly responsible); *see also, White v. Texas Eastern Transmission Corp.*, 512 F.2d 486, 489-90 (5th Cir. 1975) (holding that the exclusive liability provision of the LHWCA abrogates any independent tort liability of an employer to its employees, thereby eliminating any basis which may exist for indemnification on a tort theory.). The vessel owner, here ABR Logistics, LLC, is barred by § 905(b) from receiving tort indemnity or contribution as a result of any concurrent negligence of the longshore employer. *See also, Samuels v. Empresa Lineas Maritimas Argentinas*, 573 F.2d 884 (5th Cir. 1978) ("[U]nder the [LHWCA], the employer is immune to suit for indemnity or contribution by the vessel."). The claim for tort indemnity and contribution must therefore be dismissed because it is statutorily prohibited.

### ii. *Contractual Indemnity is Prohibited*

The ABR claim for contractual indemnity against ASY must also be dismissed even though Articles 14 and 15 of the MTCA provided for reciprocal indemnity for personal injury claims.[27]

---

[27] Attachment 2, Master Time Charter Agreement ("MTCA"), Articles 14-15 (pp. 7-8).

Those provisions of the agreement are legally void. 33 U.S.C. § 905 (b) ("[T]he employer shall not be liable to the vessel for such damages directly or indirectly and <u>any agreements or warranties to the contrary shall be void</u>."); *see also, St. Julien* 1975 AMC at 2628 (the court held that 33 U.S.C. § 905 (b) "wiped out the liability of employers for contractual indemnity, express or implicit" and dismissed a third-party claim for contractual indemnity against the employer.). The contractual indemnity claim in the ABR Third-Party Demand must also be dismissed because it is prohibited by 33 U.S.C. § 905(b).

### D. Insurance Coverage from ASY is Excluded under the MTCA

While the vessel owner, ABR Logistics, LLC, is prohibited from seeking indemnity from the longshore employer, ASY, the Fifth Circuit has held that this prohibition does not prevent a vessel owner from seeking insurance coverage from a longshore employer as an additional insured where the parties have clearly reached an agreement. *Voisin v. O.D.E.C.O. Drilling Co.*, 744 F.2d 1174, 1176-79 (5th Cir. 1984). The ABR Defendants, however, incorrectly alleged that the MTCA required ASY to name ABR Logistics, LLC as an additional insured and has demanded coverage from ASY.[28] In fact, the opposite is true from a reading of the MTCA, whose wording is unambiguous.

It is well settled that the interpretation of the terms of a contract is a matter of law and should be read as a whole with its words given their plain meaning. *Lirette v. Popich Bros. Water Transport, Inc.*, 699 F.2d 725, 728 (5th Cir. 1983); *Ogea v. Loffland Bros. Co.,* 622 F.2d 186, 189 (5th Cir. 1980); *Weathersby v. Conoco Oil Co.,* 752 F.2d 953, 955 (5th Cir. 1984); *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207 (5th Cir. 1986). This Court is requested to interpret the MTCA obligations in accordance with the law.

---

[28] Third-Party Demand against ASY (Rec. Doc. 10, ₱ XVII, XIX, XX, XXII, XXIII, XXIV, XXV, XXVII, and XXIX).

#101592966v2

The MTCA clearly and specifically excludes insurance coverage to ABR Logistics, LLC. Article 12 of the MTCA expressly and explicitly excludes ASY from obtaining insurance to benefit ABR Logistics, LLC.: "It is understood and agreed that Client's (ASY) liability insurance <u>shall exclude from coverage</u> for those risks assumed <u>or insured</u> by Company (ABR Logistics, LLC)...."[29] ABR Logistics, LLC insured the risk under Article 11 of the MTCA, where ABR Logistics, LLC agreed to obtain insurance covering its liability for third-party claims (like Hyatt).[30]

Exhibit B of the MTCA further obligated ABR Logistics, LLC to obtain various insurance including Comprehensive General Liability Insurance, Protection and Indemnity, Hull and Machinery, Umbrella Liability, *inter alia,* and to name ASY as an additional insured.[31] This is consistent with ABR's insurance obligations in Article 11 and 12. All of ABR Logistics, LLC's policies set forth in Exhibit B were to be deemed "primary and non-contributory insurances," to that of ASY.[32] Further, under Exhibit B, ABR was required to name ASY as an additional insured under its liability policies of insurance.

Under the exclusionary clause in Article 12, ASY was not obligated to name ABR Defendants under ASY's insurance. To the contrary, under Exhibit B, ABR Logistics LLC was required to provide ASY coverage for Hyatt's claim. Therefore, the ABR Defendants' claim against ASY for insurance coverage as an additional insured must be dismissed. ASY's counterclaim for insurance coverage is supported under the clear language of the MTCA.

A maritime time charter is a contract governed by federal law. *Randall v. Chevron*, 13 F.3d 888 (5th Cir. 1994). When interpreting a maritime contract, the general rules of contract construction interpretation apply. *Marine Overseas Services, Inc. v. Crossocean Shipping Co.*, 791

---

[29] Attachment 2, Master Time Charter Agreement ("MTCA"), Article 12 (pp. 5-6). (Emphasis added)
[30] *Id*. at Article 11 and Exhibit B of Attachment 2 (pp. 5, 12-13).
[31] *Id*. at Exhibit B of Attachment 2 (pp. 12-13) ("All of the aforesaid policies <u>shall name CLIENT</u> (ASY), its parent, affiliates and subsidiaries, in their capacity as CLIENTs of the vessel, <u>as additional assureds</u>...."). (Emphasis added).
[32] *Id*.

9

F.2d 1227, 1234 (5th Cir. 1986). Since the MTCA is unambiguous, the contract must be enforced according to its plan meaning, and the court need not go beyond the four corners of the contract. *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332-333 (5th Cir. 1981). The plain language of the MTCA excluding coverage to ABR is the best measure of the parties' intent. *Reliant Energy Services, Inc. v. Enron Can. Corp.*, 349 F.3d 816, 822 (5th Cir. 2003). The language of the MTCA at issue in this case is clear and unambiguous.

## IV.  CONCLUSION

Alabama Shipyard, LLC prays that this Motion for Summary Judgment is granted. Alabama Shipyard, LLC is statutorily immune from tort and contractual indemnity liability under 33 U.S.C. § 905 (b). The tort and contractual indemnity claims asserted by Defendants, ABR Logistics, LLC., Thomas Johnson, and QBE UK Limited trading as "British Marine," and against Alabama Shipyard, LLC must therefore be dismissed.

Alabama Shipyard, LLC had no contractual obligation to procure insurance coverage and name ABR Logistics, LLC as an additional insured under Article 12 by virtue of ABR Logistics, LLC's procurement of their own insurance to cover third-party risks as evidenced in Exhibit B. Thus, the suit by Defendants, ABR Logistics, LLC., Thomas Johnson, and QBE UK Limited trading as "British Marine," seeking insurance coverage as an additional insured under the Master Time Charter Agreement must also be dismissed. Having asserted no viable claims against Alabama Shipyard, LLC, the Third-Party Demand must be dismissed with prejudice.

Respectfully submitted,

*/s/ Grady S. Hurley*
GRADY S. HURLEY (#13913),

10

#101592966v2

        AUSTIN S. GLASCOE (#38236)
**JONES WALKER LLP**
201 St. Charles Avenue, Suite 4800
New Orleans, LA  70170
Telephone:     (504) 582-8224
Fax:                (504) 589-8224
Email:             ghurley@joneswalker.com
                 aglascoe@joneswalker.com

***Attorney for Third-Party Defendant, Alabama Shipyard LLC.***

11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ADM/Growmark River Sys. v. Lowry*
   234 F.3d 881 (5th Cir. 2000) ...................................................................................................4

*Boston Metals Co. v. O'Hearne*,
   329 F.2d 504, 1964 U.S. App. LEXIS 6107 (4th Cir.), cert. denied, 379 U.S.
   824, 85 S. Ct. 49, 13 L. Ed. 2d 34, 1964 U.S. LEXIS 508 (1964) ...........................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .....................................................3, 4

*Corbitt v. Diamond M. Drilling Co.*,
   654 F.2d 329 (5th Cir. 1981) .................................................................................................10

*Dygert v Manufacturer's Packaging Co.*,
   10 BRBS 1036 (1979) .............................................................................................................5

*Edmonds v. Compagnie Generale Transatlantique*,
   443 U.S. 256 (1979) ................................................................................................................7

*Fontenot v. Mesa Petroleum Co.*,
   791 F.2d 1207 (5th Cir. 1986) .................................................................................................8

*Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*,
   342 U.S. 282 (1952) ................................................................................................................7

*Holden v. U.S. United Ocean Servs., L.L.C.*,
   2014 U.S. App. LEXIS 15954 (5th Cir. 2014) ........................................................................6

*Lirette v. Popich Bros. Water Transport, Inc.*,
   699 F.2d 725 (5th Cir. 1983) ...................................................................................................8

*Little Liquid Air Corp.,* 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc) ....................................4

*Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*,
   140 F.3d 622 (5th Cir. 1998) ...................................................................................................4

*Marine Overseas Services, Inc. v. Crossocean Shipping Co.*,
   791 F.2d 1227 (5th Cir. 1986) .................................................................................................9

*Ogea v. Loffland Bros. Co.*,
   622 F.2d 186 (5th Cir. 1980) ...................................................................................................8

#101592966v2

*Randall v. Chevron*,
  13 F.3d 888 (5th Cir. 1994) ..................................................................................................9

*Reliant Energy Services, Inc. v. Enron Can. Corp.*,
  349 F.3d 816 (5th Cir. 2003) ..............................................................................................10

*Samuels v. Empresa Lineas Maritimas Argentinas*,
  573 F.2d 884 (5th Cir. 1978) ................................................................................................7

*St. Julien v. Diamond M Drilling*,
  1975 AMC 2625 (E.D. La. 1975) .....................................................................................6, 8

*Voisin v. O.D.E.C.O. Drilling Co.*,
  744 F.2d 1174 (5th Cir. 1984) ..............................................................................................8

*Weathersby v. Conoco Oil Co.*,
  752 F.2d 953 (5th Cir. 1984) ................................................................................................8

*White v. Texas Eastern Transmission Corp.*,
  512 F.2d 486 (5th Cir. 1975) ................................................................................................7

**Statutes**

33 U.S.C. §901, et seq. ...............................................................................................................4

33 U.S.C. § 902(3) ..................................................................................................................3, 5

33 USC § 905 (a) ................................................................................................................1, 5, 6

33 USC §905(b) ...............................................................................................3, 5, 6, 7, 8, 10

#101592966v2

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 24, 2023, a copy of the foregoing has been forwarded to all parties and counsel of record via the Court's E-filing system, U.S. Mail, email, and/or facsimile.

*/s/ Grady S. Hurley*
GRADY S. HURLEY

#101592966v2